## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:05-cv-01317-LTB-MJW

CHAR BLOOM, SUSANNE COCHRAN, BEN DEJULIO, GIDEON GARTNER, SARAH GARTNER, AE, INC. a Colorado corporation, LARRY LUNCEFORD, KATHY LUNCEFORD, RANGER PLUMBING & HEATING, INC. a Colorado corporation, PETER RIETZ, KATHLEEN RIETZ, RALPH WANGER, LEAH WANGER, WAYNE WILLIAMS, and ROBERTA WILLIAMS,

       Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio Corporation,

       Defendant.

---

## PROTECTIVE ORDER REGARDING CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

---

The Court is advised that the parties may hereafter assert that certain documents to be produced in this case may contain Confidential Material and Highly Confidential Material requiring the entry of a Protective Order. The Court is further advised that on February 12, 1999, this Court entered a similar Order in the consolidated cases, including *Loughridge, et al. v. Goodyear, et al.* (Civil Action No. 98-B-1302 and cases consolidated therewith) and *Malek, et al. v. Goodyear,* Civil Action No. 02 B 1772. Accordingly, the Court directs that the parties to this case be bound by the terms of this Protective Order Regarding Confidential and Highly Confidential Material (hereinafter "Order") in order to maintain the asserted confidentiality of certain identified documents and information to be produced.

## CONFIDENTIAL INFORMATION

1.      If a party intends to produce documents or information that it believes, in good faith, to contain "Confidential Information," then that party may identify the documents or information as "Confidential" in the manner provided in paragraph 2 below, and the use by the receiving party of such documents and information shall be subject to the terms of this Order.

2.      Each document or discovery response as to which a party asserts a claim of confidentiality pursuant to this Order shall be stamped with the word "Confidential" prior to its production. Deposition testimony of a party, its employees or experts, may be designated by a party as Confidential on the record during such deposition or by giving notice in writing of the portions of the deposition transcript so designated up to thirty (30) days after the receipt of the deposition transcript. The appropriate portions of the transcript(s) shall be marked as Confidential. The parties possessing such transcripts shall not disclose them to anyone during such thirty (30) day period, other than the persons authorized in paragraph 3 below. Thereafter, only such portions of the transcripts designated as Confidential shall be subject to this Order.

3.      Except for the Court and the Jury or other fact finder in the above captioned litigation, all documents and other information designated as Confidential shall be used solely for the purpose of conducting the above captioned litigation between the parties. For that purpose, such designated documents or information may be disclosed to the following persons:

(a)     any attorneys representing the parties in this litigation and their employees, including legal assistants, and clerical personnel who are working in connection with this litigation;

(b)     a party may designate three (3) employees or officers in writing to the other parties prior to the disclosure of the Confidential documents or other information;

(c)     any expert or consultant, not an employee of the party, who is employed or consulted by counsel for a party for the purpose of this litigation;

(d)     any person who has prepared, delivered or received a document containing Confidential documents or information to the extent that such person is identified on the face of the document; and

(e)     any person to whom disclosure is approved by the Court.

The producing party is not restricted by this Order in the use of its own documents and Confidential Information.  Confidential Information may be disclosed to a person listed in the preceding paragraph only after such person has been shown a copy of this Order, and agrees to be bound by the terms of this Order by executing the form attached hereto as Exhibit A.

4.      If any papers filed with the Court contain Confidential Information pursuant to this Order, the filing party shall file those papers in a sealed envelope on which shall be endorsed

3

*[handwritten: consistent with D.C. Col. L. Civ. R 7.2 and 7.3]*

the caption of this action, an indication of the contents of the envelope, and the word "Confidential."

A copy of this Order shall be attached thereto.

5.      Notwithstanding the preceding paragraph, Confidential documents and information obtained pursuant to this Order may be offered in evidence at trial or court hearing, used as an exhibit, and shown to the jury or other fact finder in the above captioned litigation.  If any party believes that confidential information has been waived by use of the confidential information in accord with this paragraph, that party may move the Court to remove the confidential designation. The designating party may then respond to said motion in accord with the Federal Rules of Civil Procedure.  The Confidential documents that are the subject of the waiver motion shall remain Confidential until the court rules on the waiver issue.

## HIGHLY CONFIDENTIAL INFORMATION

6.      This Order shall also govern the use and dissemination of all Highly Confidential Information, documents or materials that are produced within the above captioned action and designated as "Highly Confidential."

7.      The term "Trade Secret," as used in this Order, is defined to include information, documents or materials not in the public domain that are so proprietary or competitively sensitive that their disclosure to a competitor could cause competitive injury.

8.      The Goodyear Tire & Rubber Company designates in good faith as "Highly Confidential" its trade secret product formula, which is so proprietary or competitively sensitive that its disclosure could cause irreparable competitive injury.  The designation "Highly Confidential" shall be made by affixing on the document or material containing such information, the legend: "HIGHLY CONFIDENTIAL SUBJECT TO CONFIDENTIALITY ORDER".

9.      Highly Confidential Information shall not be disclosed other than as expressly authorized in this Order and may be disclosed only as follows:

(a)      Disclosure may be made to this Court and its personnel.  Paragraph 9 of this Order shall apply to any disclosure of Highly Confidential Information to the Court, except that the cover page of the filed documents or materials shall be marked: "Highly Confidential Dissemination Restricted by Court Order." Other than designated attorneys (defined in paragraph 9(b)) and counsel for the designated co-counsel, and counsel of record for the designating party, counsel shall not be served with copies of the court filings of Highly Confidential Information, but instead, shall have access solely in accordance with paragraph 9(d).

(b)      Access to Highly Confidential Information shall be limited in the first instance to attorneys of record in this case and in-house attorneys of Goodyear.  The attorneys must execute Confidentiality Acknowledgment B.  Authorized counsel obtaining a person's signature on the Confidentiality Acknowledgment will retain the

original signed acknowledgment and shall file a copy of the executed Confidentiality Acknowledgment, under seal, with this Court and serve a copy on all counsel of record.

(c)     Highly Confidential Information shall be produced directly into the custody of one of the attorneys of record. Highly Confidential Information, including notes or summaries of such information, when not in the immediate possession of an authorized attorney, shall be maintained under lock and key, at the authorized attorneys' law offices.  Access to the Highly Confidential Information shall be restricted to authorized attorneys in accordance with paragraph 9(b).

(d)     Designated counsel for Plaintiffs may review the Highly Confidential Information only with Char Bloom, Susanne Cochran, Ben DeJulio, Gideon Gartner, Sarah Gartner, Officers of AE, Inc., a Colorado Corporation, Larry Lunceford, Kathy Lunceford, Officers of Ranger Plumbing & Heating, Inc., a Colorado Corporation, Peter Rietz, Kathleen Rietz, Ralph Wanger, Leah Wanger, Wayne Williams and Roberta Williams, for purposes of trial preparation, trial and settlement conferences. Any such persons who review the Highly Confidential information shall not be provided copies of the Highly Confidential Information, and shall execute a Confidentiality Acknowledgement B.

(e)     If at any time a designating party has reason to believe that Highly Confidential Information has been disclosed in violation of this Order, it may move this Court to obtain copies of the Confidentiality Acknowledgment B then on file. Upon the Court's finding of good cause therefor, the designating party shall be entitled to immediate access to each copy of Confidentiality Acknowledgment B then on file. Upon the final resolution of this action, each designating party shall be entitled to immediate access to all copies of Confidentiality Acknowledgment B filed with the Court, except as to consulting experts which shall remain under seal with the Court and shall not be disclosed.

(f)     Disclosure of Highly Confidential Information may be made to experts who have been identified and disclosed to the Court in the above captioned litigation, and who are actively assisting in the preparation and trial of this action. The expert may review the documents, take notes and make copies of portions of the documents which are necessary to prepare an expert report. Further, experts must agree by signing and returning a copy of this document, to abide by the security procedures set forth in 9(c) above. Prior to disclosing any Highly Confidential Information to any expert:

(1)     Counsel for the party contemplating such disclosure shall determine that (a) disclosure to an expert of particular Highly Confidential

Information is, in that counsel's good faith judgment, necessary to that party's prosecution of or preparation of the case, (b) the expert is not, and is not believed to intend to become affiliated with or employed by any entity that is or intends to be in the rubber compounding business or in the business of supplying ingredients or machinery used in the manufacture of natural or synthetic rubber products ("Competitor"), and (c) counsel has formed a good faith and informed belief that the individual has not previously violated any confidentiality acknowledgment or order.

(2)     Prior to disclosure, each such expert or party must execute the Confidentiality Acknowledgment annexed hereto as Exhibit B ("Confidentiality Acknowledgment B").   Counsel for the party obtaining an expert's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment and shall file a copy of the executed Confidentiality Acknowledgment, under seal, with this Court.

(g)     A designated attorney shall, upon granting access to Highly Confidential Information to any person outside the designated attorney's law firm, maintain a written record of the identity of each such person and the identity of the information to which they have been given access.   Each person who executes a

Confidentiality Acknowledgment shall also comply with these record keeping provisions. A copy of this written record shall be produced to any designating party upon request after the final resolution of this action unless otherwise ordered by the Court.

10.    A designating party may, in good faith, redact nonresponsive and/or irrelevant Highly Confidential Information from any document or material. However, if a redaction is made, the redacted copy will be accompanied with a letter, similar to that required in a privilege log, describing the nature of the information redacted with specificity sufficient to allow a recipient of the redacted copy, and any court, to pass judgment on the propriety of the redaction, and unredacted copies of such document shall be maintained by the designating party for production to the Court should a dispute arise concerning the propriety of the redaction.

11.    Without further order of the Court, a party may use Highly Confidential Information in deposing only (a) an individual or expert who is employed by the designating party, or (b) an expert who shall have executed Confidentiality Acknowledgment B. In such circumstances, at least seven (7) days before the deposition, counsel noticing the deposition shall notify counsel for the designating party, with service to other parties, of the Bates numbers (or other identifying information, if Bates numbers are inapplicable, such as with interrogatory answers) of the Highly Confidential Information. Counsel for the designating

party may object to the proposed disclosure in writing at least four (4) days prior to the deposition, but not thereafter.  If such objection is made, the objecting party shall by conference phone call immediately contact the Court for resolution of said objection as soon as the Court is available to set up a conference call or hearing to resolve the matter as soon as is reasonably practicable.  That portion of the deposition which involves the objection to Highly Confidential Information shall be held in abeyance pending resolution by the Court. If no objection is made to the issue of the Highly Confidential Information in the deposition, the designated attorney noticing the deposition may personally remove the document or material to a nearby copying station and make one (1) copy of the Highly Confidential Information for transport to the location of the deposition.  The original must be returned to and kept in the locked cabinet or safe and the copy must either be destroyed after the conclusion of the deposition or, if it is made a deposition exhibit, it shall be placed in a sealed envelope that is legend in accordance with paragraph 8.  In addition, if there is no objection to the use of the designated Highly Confidential Information at deposition, counsel for the designating party shall deliver one copy of such Highly Confidential Information to counsel of record at least three (3) days before the beginning of the deposition.

12.    No one may attend or review the transcripts of the portions of any depositions at which Highly Confidential Information is shown or discussed, other than the person designated in 9(d) for the party, the court reporter (who shall first have executed Confidentiality Acknowledgment B), designated attorneys, counsel for the designating party,

the deponent, counsel for the deponent (provided deponent and deponent's counsel have previously executed the Confidentiality Acknowledgment B), and experts qualified to review Highly Confidential Information under Paragraph 9.

13.     The portions of any deposition transcript in which Highly Confidential Information is discussed, and any Highly Confidential Information, documents or materials that are marked as exhibits, shall be treated as Highly Confidential Information.  Transcript pages and exhibits containing Highly Confidential Information shall be bound under separate cover, designated "Highly Confidential" and distributed only to counsel of record.

14.     Any presentation of Highly Confidential Information to the Court, prior to trial, shall be made in the presence of only the person designated in 9(d) for a party, the presiding judicial officer, court personnel and attorneys of record.

**GENERAL PROVISIONS**

15.     Except to the extent expressly authorized in this Order, Confidential or Highly Confidential Information shall not be used or disclosed for any purpose other than the preparation and trial of the above captioned case and/or any appeal therefrom.

16.     Any summary, compilation, notes or copy containing Confidential or Highly Confidential Information, or any electronic image or database containing Confidential or Highly Confidential Information, shall be subject to the terms of this Order to the same

extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

17.     Any party may, at any time after production of material designated under this Order, object to its designation by notifying the designating party in writing of that objection and specifying the designated material to which the objection is made.  The parties shall, within fifteen (15) days of service of the written objections, confer concerning the objection. If the objection is not resolved, the designating party shall, within fifteen (15) days of the conference, file and serve a motion or set a conference call or hearing with the Court to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue.  If no such motion is filed within the stated time period, the material will cease to be subject to the protection of this Order.  If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation.  With respect to any material which ceases to be subject to the protection of this Confidentiality Order, the designating party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been removed.

18.     Nothing in his Order shall be deemed to restrict in any manner, the use by any designating party of any Confidential or Highly Confidential Information in documents and materials authored by its employees, consultants or experts.

19.    If any other court or administrative agency subpoenas or orders production of Highly Confidential Information that a party has obtained under the terms of this Confidentiality Order or such material is the subject of a public records request to a government party, such party shall, if there are fewer than ten (10) days to comply, within two (2) business days, or if more than 10 days, at least seven (7) business days prior to the date of compliance, notify the designating party of the pendency of the subpoena, public records request, or order in writing, and shall not produce Highly Confidential Information until the designating party has had a reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the designating party to obtain relief from the subpoena, public records request, or order prior to the date of compliance, and, to give the designating party an opportunity to obtain such relief, the party from whom the information is sought shall not make disclosure before the actual due date of compliance set forth in the subpoena, public records request, or order.

20.    This Order shall not prevent any of the parties from moving this Court for an Order that Confidential or Highly Confidential Information may be disclosed other than in accordance with this Order. This Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court. This Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that

information sought contains trade secrets or other confidential research, development, or commercial information.

21.     This Order is not intended to govern the use of Highly Confidential Information at any trial of this action.   Questions of the protection of Confidential Information or Highly Confidential Information during trial will be presented to the Court prior to or during trial as each party deems appropriate.

22.     This Court shall have continuing jurisdiction to modify, amend, enforce interpret or rescind this Order, ~~notwithstanding the~~ Until termination of this action.

23.     Within sixty (60) days after conclusion of this action, all documents and materials containing Confidential or Highly Confidential Information (other than exhibits to the official court record) shall be returned to the designating party or, at the sole option of the designating party shall be destroyed.   Counsel for any party or third party receiving Confidential or Highly Confidential Information shall make written certification of compliance with this provision and shall deliver the same to counsel for each designating party within one hundred twenty (120) days after the conclusion of this action at the designated party's expense.

24.     Any unauthorized or inadvertent disclosure of Confidential or Highly Confidential documents or information shall not result in a waiver of the producing party's claim of confidentiality.

25.    The terms of this Order shall survive and remain in full force and effect after the final resolution of this lawsuit.

26.    This Order shall not prevent the parties from seeking further or additional protective orders.  The terms and provisions of this Order are subject to modification, extension of limitation as may be hereinafter agreed to by all parties in writing or by further order of this Court.

27.    Colorado law shall apply in the interpretation of this Protective Order.  If any provision is found to be invalid, all remaining provisions shall survive.

28.    Nothing herein contained shall be construed to prohibit the parties and/or their counsel from disclosing or discussing the contents of any such documents so produced and marked "Confidential" with any other counsel engaged in Entran II related litigation against Goodyear, as well as experts and or consultants, provided that such other counsel, experts, and/or consultants be required to sign a copy of this Protective Order prior to receiving any such documents, and that said counsel's experts and or consultants submit to the terms of this Protective Order and maintain the confidentiality of all such documents received pursuant to this Protective Order.

SO ORDERED this 22 day of August, 2005.

_____
~~Lewis T. Babcock~~
~~United States District Court Judge~~

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:05-cv-01317-LTB-MJW

CHAR BLOOM, SUSANNE COCHRAN, BEN DEJULIO, GIDEON GARTNER, SARAH GARTNER, AE, INC. a Colorado corporation, LARRY LUNCEFORD, KATHY LUNCEFORD, RANGER PLUMBING & HEATING, INC. a Colorado corporation, PETER RIETZ, KATHLEEN RIETZ, RALPH WANGER, LEAH WANGER, WAYNE WILLIAMS, and ROBERTA WILLIAMS,

Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio Corporation,

       Defendant.

---

**PROTECTIVE ORDER REGARDING CONFIDENTIAL
AND HIGHLY CONFIDENTIAL INFORMATION
EXHIBIT A**

---

       I hereby state that I have read and received a copy of the Protective Order Regarding Confidential and Highly Confidential Information (the "Order") in *Char Bloom, et al. v. The Goodyear Tire & Rubber Company*, which case is pending before the United States District Court, District of Colorado (the "Court"). I have read the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Order.

Date:_____

                              _____
                              Signature

                              _____
                              Printed Name

                              _____
                              Address

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:05-cv-01317-LTB-MJW

CHAR BLOOM, SUSANNE COCHRAN, BEN DEJULIO, GIDEON GARTNER, SARAH GARTNER, AE, INC. a Colorado corporation, LARRY LUNCEFORD, KATHY LUNCEFORD, RANGER PLUMBING & HEATING, INC. a Colorado corporation, PETER RIETZ, KATHLEEN RIETZ, RALPH WANGER, LEAH WANGER, WAYNE WILLIAMS, and ROBERTA WILLIAMS,

        Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio Corporation,

        Defendant.

---

**PROTECTIVE ORDER REGARDING CONFIDENTIAL
AND HIGHLY CONFIDENTIAL INFORMATION
EXHIBIT B**

---

I,_____, being first duly sworn on oath, state the following:

    1.    I have been retained by_____[party] to serve [as an expert] in this action.

    2.    I have read and understand the Protective Order Regarding Confidential and Highly Confidential Information (the "Order"), to which this Exhibit B is annexed, and I attest to my understanding that access to information designated as Highly Confidential may be provided to me and that such access is pursuant to the terms, conditions, and restrictions of the Order. I agree to be bound by the terms of the Order. I hereby submit to the jurisdiction of this Court and to the application of Colorado law for the purpose of enforcement of this acknowledgment and the Order.

    3.    I shall not use or disclose to others, except in accordance with the Order, any Confidential Information or Highly Confidential Information. If I fail to abide by the terms of this

confidentiality acknowledgment or the Order, I understand that I may be subject to sanctions under the contempt power of this Court.


Date: _____          _____
                                      Signature

                                      _____
                                      Printed Name

                                      _____
                                      Address

                                      _____
                                      Individual or Entity Represented


STATE OF _____     )
                        )    ss:
COUNTY OF _____      )

    The foregoing instrument was acknowledged before me this _____ day of _____, 2005, by _____ as _____ of _____ a _____.

    Witness my hand and official seal.

    My commission expires: _____


                                      _____
                                      Notary Public