IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01317-LTB-MJW

CHAR BLOOM,
SUSANNE COCHRAN,
BEN DEJULIO,
GIDEON GARTNER,
SARAH GARTNER,
AE, INC., a Colorado corporation,
LARRY LUNCEFORD,
KATHY LUNCEFORD,
RANGER PLUMBING & HEATING, INC., a Colorado corporation,
PETER RIETZ,
KATHLEEN RIETZ,
RALPH WANGER,
LEAH WANGER,
WAYNE WILLIAMS, and
ROBERTA WILLIAMS,

    Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio Corporation,

    Defendant.

**ORDER REGARDING DEFENDANT GOODYEAR'S MOTION TO COMPEL RANGER PLUMBING AND HEATING, INC.'S INITIAL DISCLOSURE OF CLAIMED DAMAGES AND RESPONSES TO CERTAIN INTERROGATORIES AND PRODUCTION OF DOCUMENTS (DOCKET NO. 56)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant Goodyear's Motion to Compel Ranger Plumbing and Heating, Inc.'s Initial Disclosure of Claimed Damages and Responses to Certain Interrogatories and Production of Documents (docket no. 56). The court has

2

reviewed the motion and response (docket no. 63).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

That as to Defendant Goodyear's ("Goodyear") Interrogatory ("Rog") No. 13, I find that Plaintiff Ranger Plumbing and Heating, Inc. ("Ranger"), has fully answered this Rog.  Goodyear has deposed Ranger's principal, Tom Krochmal, on four separate occasions in other Entran II litigation.  During his depositions, questions were asked in detail about the repair and replacement work.  Moreover, Ranger has provided to Goodyear documents that also respond to this Rog.

That as to Goodyear's Rog No. 15, I find that Ranger has fully responded to this Rog.  In Ranger's response to this Rog, Ranger has agreed to supplement its response to this Rog with financial data for its fiscal year 2006 when it becomes available in the next six weeks.

That as to Goodyear's Rog No. 16, I find that Ranger has fully responded to this Rog.  In Ranger's response to this Rog, Ranger has agreed to supplement its response to this Rog as to lost profits for its fiscal year 2006 when such information becomes available.

That as to Goodyear's Rog No. 17, I find that Ranger has fully responded to this Rog.  In Ranger's response to this Rog, Ranger has agreed to supplement its response to this Rog as to future damages when such information becomes available.  I note that

discovery is ongoing.

That as to Goodyear's Rog No. 18, I find that Ranger has fully responded to this Rog. In Ranger's response to this Rog, Ranger responded in its second supplemental response that it is currently unaware of any facts in addition to those described elsewhere in its responses, but will supplement this response if any additional facts are discovered.

That as to Goodyear's Rog No. 19, I find that Ranger has fully responded to this Rog. In Ranger's response to this Rog, Ranger has provided to Goodyear its balance sheets and income statements for each year between 1987 through 2005.

That as to Goodyear's Rog No. 20, I find that Ranger has fully responded to this Rog. In Ranger's response to this Rog, Ranger outlines what Ranger's net income would have been but for Goodyear's wrongful conduct for the years 1999 through 2006.

That as to Goodyear's Rog No. 21, I find that Ranger has fully responded to this Rog. In Ranger's response to this Rog, Ranger has already outlined for Goodyear what documents Goodyear should look at to get responses to this Rog.

That as to Goodyear's Request for Production ("RFP") No. 10, I find that Ranger has fully responded. Ranger has produced or made available all documents as requested in this RFP.

That as to Goodyear's RFP No. 11, I find that Ranger has not fully responded. Ranger has not provided to Goodyear its federal income tax returns for the years 1989 to the present.

That as to Goodyear's RFP No. 12, I find that Ranger has fully responded.

4

Ranger does not have a business plan or other documents reflecting a plan for business for the years 1989 to the present.

That as to Goodyear's RFP No. 13, I find that Ranger has fully responded. Ranger does not have financial projections related to its business for the years 1989 to the present.

That as to Goodyear's RFP No. 14, I find that Ranger has fully responded. Ranger does not have service brochures, promotional documentation, and/or advertising for the years 1989 to the present.

That as to Goodyear's RFP No. 15, I find that Ranger has fully responded. Ranger does not have any budgets prepared from 1989 to the present.

That as to Goodyear's RFP No. 16, I find that Ranger has fully responded. Ranger does not have documents containing or relating to any comparisons or analyses of financial information for the years 1989 to the present.

That as to Goodyear's RFP No. 17, I find this RFP to be overly broad and unduly burdensome, and therefore no further response is required by Ranger.

That as to Goodyear's RFP No. 18, I find that Ranger has fully responded. Ranger has provided and referred Goodyear to over 3,000 pages of previously-produced work that Ranger did on Entran II systems. Moreover, Ranger has indicated that no other documents exist, and therefore all documents concerning work that Ranger has done on Entran II systems has been produced.

That as to Goodyear's RFP 19, I find that Ranger has fully responded. Ranger has provided documents in support of the damages that were in its possession.

Ranger is aware of its duty to supplement responses.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant Goodyear's Motion to Compel Ranger Plumbing and Heating, Inc.'s Initial Disclosure of Claimed Damages and Responses to Certain Interrogatories and Production of Documents (docket no. 56) is **GRANTED IN PART AND DENIED IN PART** as follows.

2. That the Motion is GRANTED as to RFP No. 11.  Ranger shall provide to Goodyear its federal income tax returns for the years 1989 to the present on or before August 31, 2006.

3. That Ranger shall supplement any of the above-mentioned Rogs and RFPs when and if such supplemental information becomes available.

4. That the remainder of the Motion is DENIED.

5. That each party shall pay their own attorney fees and costs for this motion.

Done this 18th day of July 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge