IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01317-LTB-MJW

CHAR BLOOM, and
AE, INC., a Colorado corporation,

    Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio corporation,

    Defendant.

---

**ORDER REGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 79)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

    This matter is before the court on Plaintiff's Motion for Protective Order (docket no. 79). The court has reviewed the motion and response (docket no. 98). In addition, the court has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

    Plaintiff AE, Inc., has filed the subject motion (docket no. 98) to prevent the deposition of Jeffrey Katzenberg. Plaintiff argues that this court should enter a protective order pursuant to Fed. R. Civ. P. 26(c) to limit or prohibit discovery as justice requires to protect a person from annoyance, oppression, or undue burden or expense. Plaintiff further argues that a deposition of Mr. Katzenberg would be cumulative and

2

duplicative of the five (5) previous Rule 30(b)(6) depositions that have already been taken by Defendant with respect to Plaintiff's claims in this case. Plaintiff contends that Mr. Katzenberg has less personal knowledge about the areas of inquiry as outlined in Defendant's previous Rule 30(b)(6) depositions than those deponents who have already provided deposition testimony, and therefore Plaintiff argues that Defendant has already obtained or had the opportunity to obtain all relevant information concerning the Plaintiff's claims in this case from the five (5) previously-conducted Rule 30(b)(6) depositions.

Defendant argues that Mr. Katzenberg is the president and primary officer of Plaintiff AE, Inc., a closely held corporation that exists for the sole purpose of holding title to Mr. Katzenberg's vacation home in Utah which is the subject of this litigation. Defendant further argues that it should be allowed to take Mr. Katzenberg's deposition since Plaintiff is seeking over six (6) million dollars in repair costs and over $400,000 in loss-of-use damages, and Mr. Katzenberg has personal knowledge about many of the contested issues in this case.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows discovery "regarding any matter . . . that is relevant to the claim or defense of any party" or discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery, however, may be limited by the court if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had

> ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

Here, the court finds that Mr. Katzenberg and his family have exclusive access to the Plaintiff AE., Inc., home.  See paragraph 3 in Plaintiff's Motion for Protective Order.  This court further finds that Plaintiff is seeking over six (6) million dollars in repair costs and over $400,000 in loss-of-use damages.  Moreover, this court finds that the deposition testimony of Mr. Katzenberg is reasonably calculated to lead to the discovery of admissible evidence concerning issues involving statute of limitations, damages, and mitigation of damages and was not noticed to annoy or unduly burden Mr. Katzenberg.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion for Protective Order (docket no. 79) is **DENIED**.
2. That the parties shall forthwith meet and confer and clear a date for the deposition of Jeffery Katzenberg.
3. That each party shall pay their own attorney fees and costs of this

4

motion.

Done this 17th day of November 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge