IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 05-cv-01317-LTB-MJW

CHAR BLOOM, ROSEMARIE GLAS, WILLIAM F. GOROG on behalf of the GRANTOR RETAINED INCOME TRUST, and AE, INC., a Colorado corporation,

    Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio corporation,

    Defendant.
_____

ORDER
_____

    The defendant, The Goodyear Tire & Rubber Company ("Goodyear"), moves for summary judgment against the defendant AE, Inc. on the ground that the statutes of limitations expired before AE filed the claims it here asserts. This case is the latest of a series arising out of the failure of Goodyear's Entran II hose. The product was a component of radiant heating systems installed in numerous homes, including a residence that AE owns in Deer Valley, Utah. The motion is well briefed and oral arguments would not materially aid its resolution.

    AE installed the offending heating system and the constituent Entran II hose in its residence in 1992. It hired Bret Anderson to serve as caretaker, maintaining the home and its various systems.

    Upon learning early in 1999 that Entran II had failed in other homes, Mr. Anderson scheduled, as a precaution, a March, 1999 meeting with the general contractor who had built the house, the mechanical subcontractor, and Mike Lundquist, a representative of the supplier of the

hose. At this meeting, Mr. Anderson learned of a pending lawsuit involving Goodyear concerning failure of Entran II. Mr. Anderson and his guests inspected the heating system. The Entran II was generally in serviceable, pliable condition, except for some deterioration near the ends of some hoses. The extent of the deterioration is the subject of some dispute. Mr. Anderson recalls some minor cracks at the manifolds, which Mr. Lundquist attributed to improper clamping of joints, easily remedied. Mr. Lundquist recalls some additional discoloration of the hose, which was harder than expected, but not brittle.

In any event, the system was functioning in 1999. Mr. Lundquist informed Mr. Anderson that, where systems had failed, they had done so catastrophically, the hose becoming brittle and crumbling completely. He additionally opined that the Entran II hose in the AE residence did not resemble the hose that had failed in other residences and that any failure would already have occurred. Mr. Anderson then wrote to Jeffrey Katzenberg, AE's owner, the following.

> I wanted to update you on the tubing for the radiant heat. Last week I met with Dave Sowards, the mechanical contractor and his plumber who did the installation. They were unclear as to the exact nature of the problems that had shown up at the 2 sites in Utah in which this faulty tubing was installed. They were aware that systems that ran those sites ran at temperatures that are much higher than what we do with this system. They had also heard that the tubing became brittle.
>
> We inspected connections and found that the tubing appeared to be in good condition though on a few there were some cracks visible on the ends of the tubing. Unsure if this was somehow related, we wanted another opinion and met yesterday with the representative of the company.
>
> The representative said the problems that were being seen; the tubing was literally crumbling and turning to dust like rusty metal. ... These problems showed up a few years ago and we would have found out by now if we had a failure. The lots that were produced were used in 1989 – 1991. The house didn't start receiving the tubing until June 1992.

>As for the cracks, the rep said that they are probably formed due to the pressure of the crimp. I will have a splice taken this spring and have the company make sure that we don't have anything to worry about.

Mr. Anderson later decided not to disturb the system by removing a sample.

A class action complaint filed in Utah in January, 2003, to which AE was not a party, alleged designed defects in Entran II and asserted claims for damages arising out of those defects. The putative class included owners of real property in Utah in which Entran II was installed. The case was dismissed on April 22, 2005. AE filed its complaint in this action on July 14, 2005.

Goodyear argues that AE knew or should have known of the eventual failure of its Entran II hose in March, 1999 and that the limitations periods have now run on AE's claims. It further argues that AE is not entitled to tolling pursuant to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974) and *American Tierra Corp. v. City of West Jordan*, 840 P.2d 757 (Utah 1992) because AE's claims, having accrued in March, 1999, had expired before the January, 2003 class action suit commenced.

The parties agree that Utah law applies and that it provides a two-year limitations period for AE's strict liability claims and a three-year period for the negligence claims. Utah Code Ann. §§ 78-15-3, 78-12-26. All of the claims accrued when AE discovered, or in the exercise of due diligence should have discovered, both the harm and its cause. *Id*. I inquire first whether AE in March, 1999 had information of circumstances sufficient to put a reasonable person on inquiry and, if so, whether AE was reasonably diligent in investigating its loss. *Anderson v. Dean Witter Reynolds, Inc.*, 920 P.2d 575, 579 (Utah App. 1996).

I cannot conclude, as a matter of law, that AE in 1999 had sufficient information that a reasonable person in its position would have conducted inquiry. First, AE had not then suffered

3

any loss; the system had not failed. Second, Mr. Anderson then had several indications that the system would not fail but rather required only adjustments to some clamps. Any indications to the contrary create factual questions for the jury.

Additionally, I cannot conclude as a matter of law that AE was not reasonably diligent in the inquiry it performed. Indeed, Mr. Anderson's investigation with experts in the field convinced him that AE's heating system was not susceptible to the failure that had beset two other homes in the area. Whether that conclusion was reasonable under the circumstances is a question for the jury.

Accordingly, Goodyear's motion for summary judgment [#77] is DENIED.

Dated: November   30  , 2006, in Denver, Colorado.

             BY THE COURT:

               s/Lewis T. Babcock
             Lewis T. Babcock, Chief Judge