IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 05-cv-01317-LTB-MJW

AE, INC., a Colorado corporation, and ROSEMARIE GLAS,

      Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio corporation,

      Defendant.

_____

ORDER

_____

      The defendant, The Goodyear Tire & Rubber Company ("Goodyear"), and the plaintiff,

AE, Inc., have filed cross motions for a determination whether AE is entitled to pre-judgment

interest on the damages awarded to it.  Goodyear moves for an order identifying Utah law as

controlling the question and denying any pre-judgment interest to AE.  AE moves, pursuant to

Fed. R. Civ. P. 59(e), for amendment of the judgment to include pre-judgment interest, invoking

Colorado law.

      Goodyear asserts that resolution of those motions turns on a question the Colorado

Supreme Court has not yet confronted, namely whether Colorado adopts Section 171 of the

Restatement (Second) of Conflict of Laws (1971) in determining which state's laws apply to the

question of entitlement to pre-judgment interest.  Goodyear moves for certification of the

question to the Colorado Supreme Court, pursuant to Colorado Appellate Rule 21.1.  This

motion is well briefed and oral argument would not materially aid its resolution.  For the reasons

stated below, I GRANT Goodyear's motion to certify and HOLD IN ABEYANCE the parties'
motions concerning pre-judgment interest.

## I.  Statement of relevant facts

After the parties stipulated that Goodyear was responsible for 50% of the damages
resulting to AE's real property from the failure of Goodyear's Entran II hose, installed in a
heating system in AE's house, a jury awarded AE repair costs of $3,489,000 and other losses of
$848,611.  AE then sought pre-judgment interest on the repair cost damages under either
Colorado or Utah law.  It argues that it is entitled to interest on the damages for other losses
under Colorado law, but not under Utah law.  Goodyear argues that AE is entitled to no pre-
judgment interest under Utah law.

## II.  Standard for certification

Rule 21.1 permits the Colorado Supreme Court to answer a question of law certified to it
by a United States district court if the question "may be determinative of the cause then pending
in the certifying court and as to which it appears to the certifying court there is no controlling
precedent in the decisions of the [Colorado] Supreme Court."  Colo. App. R. 21.1(a).  These
standards are satisfied here.

### A.      Determinative of the issue

In determining what state's law shall govern AE's entitlement to pre-judgment interest, I
apply Colorado's choice of law rules; a federal court sitting in diversity must apply the choice-of-
law provisions of the forum state.  *Shearson Lehman Bros., Inc. v. M & L Investments*, 10 F.3d
1510, 1514 (10th Cir. 1993).  AE states that the Colorado Supreme Court's most recent
pronouncement on the question, in 1922, commends application of Colorado law.  *Hays v.*

*Arbuckle*, 211 P. 101, 102 (Colo. 1922).  Goodyear responds that the Colorado Supreme Court has adopted the Restatement approach to most choice of law issues, but has not yet considered the application of Section 171 or that section's affect on the *Hays* decision.

Areas of agreement are few, but significant.  The parties agree that, if applicable, Colorado law would direct an award of pre-judgment interest, accruing on the repair cost damages, of 8% compounded annually from the date on which the Entran II hose was installed in AE's house.  Colo. Rev. Stat. § 5-12-102; *Loughridge v. Goodyear Tire and Rubber Co.*, 281 F. Supp. 2d 1252 (D. Colo. 2003) ("*Loughridge II*"), *aff'd*, 431 F.3d 1268, 1289-1291 (10th Cir. 2005) ("*Loughridge III*").  They do not dispute that, if Colorado is to follow the Restatement approach to this choice of law issue, Utah law would control because Utah has the most significant relationship to the damages sought; AE's house is located in Utah, the installation was performed there, and all repairs will occur there.  Restatement (Second) Conflicts of Laws §§ 145, 171 (1971).  Furthermore, AE concedes that application of Utah law would forfend a pre-judgment interest award on its non-repair-cost damages.

More can be determined, in spite of the parties' disagreements.  Utah law allows pre-judgment interest only when damages are complete and can be calculated with mathematical certainty using fixed rules of evidence and known standards of value.  *Smith v. Fairfax Realty, Inc.*, 82 P.3d 1064, 1068 (Utah 2003), *cert. denied*, 541 U.S. 960, 124 S. Ct. 1716, 158 L. Ed. 2d 401 (2004); *Lefavi v. Bertoch*, 994 P.2d 817, 823 (Utah Ct. App. 2000).  At the time of trial, AE had not yet experienced failure of its heating system and had not replaced the Entran II hose installed in its floors.  Thus, damages were not yet complete.  Furthermore, AE's expert witness, who estimated the repair cost, fashioned three disparate estimates between December 31, 2005

3

and December 31, 2006, ranging from $3,885,002 to $5,296,373.  Bearing in mind AE's difficulty

in estimating its own repair-cost damages, it would be farfetched to maintain that AE could

collect any pre-judgment interest if Utah law applies.  *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428

F.3d 1270, 1283 (10th Cir. 2005).

Thus, dispositive of at least one, and perhaps all, of the issues before me is the question

whether the Colorado Supreme Court would in this instance follow the *Hays* decision or the

Restatement.  To this question I now turn.

### B.    No controlling precedent

In *Hays*, the Colorado Supreme Court considered an action for money lent and not repaid.

*Hays*, 211 P. at 101.  Affirming an award of pre-judgment interest, the court quoted a Missouri

decision, stating, "Where interest is allowed, not under contract, but as damages, the rate is

according to the laws of the place where the suit is brought."  *Id*. at 102 (*quoting Carson v.

Smith*, 34 S.W. 855, 858 (Mo. 1896)).

Goodyear objects to application here of this unequivocal rule, arguing that, given the

opportunity, the Colorado Supreme Court would abandon *Hays* in favor of the Restatement's

"most significant relationship" test.  It points out that the Restatement rule was conceived after

*Hays* and that Colorado courts have adopted the Restatement's approach to other choice of law

problems.  Indeed, in Colorado the Restatement now governs choice of law concerning, *inter

alia*, tort claims (§ 145), contract claims (§ 188), contracts for provision of services (§196),

breaches of warranty (§ 191), spousal privileges (§ 139), interpretation of casualty insurance

contracts (§ 193), subrogation (§ 185), conclusiveness of foreign judgments (§104), and

enforceability of forum-selection clauses (§ 80).  *First Nat'l Bank v. Rostek*, 514 P.2d 314, 319

4

(Colo. 1973); *Dworak v. Olson Constr. Co.*, 551 P.2d 198, 200 (Colo. 1976); *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 601 P.2d 1369, 1372-1373 (Colo. 1979); *Webb v. Dessert Seed Co.*, 718 P.2d 1057, 1066 (Colo. 1986); *People v. Thompson*, 950 P.2d 608, 611 (Colo. Ct. App. 1997); *Ackerman v. Foster*, 974 P.2d 1, 3 (Colo. Ct. App. 1998); *ITT Specialty Risk Servs. v. Avis Rent A Car Sys., Inc.*, 985 P.2d 43, 47 (Colo. Ct. App. 1998); *In re Marriage of Seewald*, 22 P.3d 580, 583-584 (Colo. Ct. App. 2001); *Edge Telecom, Inc. v. Sterling Bank*, 143 P.3d 1155, 1158 (Colo. Ct. App. 2006).

The parties' disagreement as to the persistence of *Hays* extends to their disparate reading of subsequent authorities. Goodyear cites *Johnson v. Continental Airlines Corp.*, 964 F.2d 1059 (10th Cir. 1992), in which the court, applying Idaho choice of law rules to a case filed in Idaho and transferred to Colorado, determined that Section 171 of the Restatement governed. As AE points out, the *Johnson* court made no mention of what law Colorado courts would choose to settle entitlement to pre-judgment interest. The *Johnson* court's observations "that the Restatement expressly couples prejudgment interest with the broader damages issue" and that the same law should govern pre-judgment interest and other compensatory damages issues under the Restatement approach, *Johnson*, 964 F.2d at 1063, only beg, and do not answer, the question.

AE cites *Robb v. Universal Constructors, Inc.*, 665 F.2d 998 (10th Cir. 1981), in which the court noted the "leading, although somewhat old" *Hays* decision. *Robb*, 665 F.2d at 1002. However, the *Robb* court noted subsequent disagreement with *Hays* and did not expressly follow the *Hays* rule. *Id.* (*citing United Telecomms., Inc. v. Am. Television & Commc'ns Corp.*, 536 F.2d 1310 (10th Cir. 1976)). Furthermore, the *Robb* court concerned itself with the proper rate of interest, not whether the prevailing party was in the first place entitled to any interest.

It is clear that *Hays* persisted at least as late as 1957, when the Tenth Circuit expressly relied on it to determine that the law of the forum controls the allowance of interest as damages. *North Drive-In Theatre Corp. v. Park-In Theatres, Inc.*, 248 F.2d 232, 237 (10th Cir. 1957). However, this decision, like the others the parties have cited, provides little assistance. The Restatement announced the "most significant relationship" rule several years after the *North Drive-In Theatre* decision. AE's reliance upon it thus misses Goodyear's argument entirely.

Decisions of this Court subsequent to publication of the Restatement have split. In *Davis Cattle Co., Inc. v. Great Western Sugar Co.*, 393 F. Supp. 1165, 1182 (D. Colo. 1975), *aff'd*, 544 F.2d 436 (10th Cir.1976), *cert. denied*, 429 U.S. 1094, 97 S. Ct. 1109, 51 L. Ed. 2d 541 (1977), Judge Winner followed the "minority rule" then extant in Colorado, applying the law of the forum to determine entitlement to interest, and cited *Hays* in support. On the other hand, in *Telectronics, Inc. v. United Nat'l Ins. Co.*, 796 F. Supp. 1382, 1393 (D. Colo. 1992), Judge Arraj subsumed the pre-judgment interest determination into the general analysis of compensatory damages, citing *Johnson*. Neither decision makes its reasoning explicit, and so neither is of particular assistance.

AE argues that Colorado law governs compensatory damages generally in this case because Goodyear failed to object to jury instructions on damages proffered at trial that were consistent with Colorado law. However, as Goodyear demonstrates in response, the instructions were not inconsistent with Utah damages law. Nor did AE at any time indicate that the instructions stated Colorado but not Utah law. Thus, Goodyear assented to no choice of Colorado damages law when it assented to the proffered instructions.

6

I note that the Colorado Court of Appeals continues to follow *Hays*. *Prospero Assocs. v. Redactron Corp.*, 682 P.2d 1193, 1200 (Colo. Ct. App. 1983); *Sharp Bros. Contracting Co. v. Westvaco Corp.*, 878 P.2d 38 (Colo. Ct. App. 1994). However, that the Court of Appeals apparently does not believe itself free to speculate on the *Hays* doctrine's demise instructs on the relative authority of the Colorado courts but not on the persistence of the *Hays* decision since adoption of the Restatement.

Having exhausted the authorities on the basis of which *Hays* might be followed or rejected, and other arguments that might dictate the choice of law, I return to the Restatement. AE identifies, and I have found, no decision of the Colorado Supreme Court rejecting application of the Restatement (Second) of Conflict of Laws to any question. Furthermore, the Colorado Supreme Court does not appear to distinguish between choice of law issues for this purpose, instead adopting the Restatement rules generically for contract cases and for tort cases. *Dworak*, 551 P.2d at 199; *Webb*, 718 P.2d at 1066. Goodyear's motion for certification is thus well-taken.

## III. Question to be certified

The following question shall be certified: whether the Colorado Supreme Court, if confronted by the facts recited above, would adopt and apply the rule stated in Restatement (Second) Conflicts of Laws § 171 (1971) to determine whether Utah or Colorado law governs the question whether a prevailing plaintiff in AE's position is entitled to an award of pre-judgment interest.

Accordingly, it is ORDERED that:

1) Goodyear's motion to certify [167] is GRANTED;

2) the parties' respective motions concerning pre-judgment interest [158, 159] are HELD IN ABEYANCE;

3) the question stated in section III, *supra*, is certified to the Colorado Supreme Court for resolution; and

4) the Clerk of this Court shall forward this Order, certified under seal, to the Colorado Supreme Court.

Dated: April __23__, 2007, in Denver, Colorado.

BY THE COURT:

___s/Lewis T. Babcock_____
Lewis T. Babcock, Chief Judge