FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 3 2007

GREGORY C. LANGHAM
CLERK

Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Court's homepage at
http://www.courts.state.co.us/supct/supct.htm
Opinions are also posted on the Colorado Bar Association homepage at www.cobar.org.

ADVANCE SHEET HEADNOTE
October 1, 2007

**No. 07SA125, AE, Inc. v. Goodyear Tire & Rubber Co. - Certified Question - United States District Court for the District of Colorado - C.A.R. 21.1 - Prejudgment Interest - § 5-12-102 - Restatement (Second) of the Conflict of Law §§ 145, 171**

AE, Inc. owns a house in Utah that suffered damage after the failure of a hose manufactured by Goodyear Tire & Rubber Company. After trial in the United States District Court for the District of Colorado, the jury in this case awarded AE damages in excess of $4 million, of which Goodyear was responsible for 50 percent.

As a federal court exercising its diversity jurisdiction, the district court applied Colorado choice of law rules to determine that Utah substantive tort law applied to this tort case. However, the district court was unable to determine, based on its review of Colorado law, whether a Colorado court would apply Colorado law or Utah law to the issue of prejudgment interest. Accordingly, the district court certified the following question to this Court:

> Whether the Colorado Supreme Court, if confronted with the facts [of this case], would adopt and apply the rule stated in Restatement (Second) Conflicts of Laws

1

§ 171 (1971) to determine whether Utah or Colorado law governs the question [of] whether a prevailing plaintiff in AE's position is entitled to an award of prejudgment interest.

The Supreme Court answers yes to the certified question and holds that Colorado's choice of law standard with regard to both the tort action and to an award of prejudgment interest is the most significant relationship to the occurrence and parties test expressed in Restatement (Second) of the Conflicts of Laws §§ 145, 171 (1971).

| | |
|---|---|
| SUPREME COURT, STATE OF COLORADO<br>Two East 14th Avenue<br>Denver, Colorado 80203<br><br>Certification of Question of Law<br>United States District Court for the District of Colorado<br>Civil Action No. 05-CV-01317-LTB-MJW<br>Honorable Lewis T. Babcock | Case No. 07SA125 |
| In Re:<br><br>**Plaintiffs**:<br><br>AE, INC., a Colorado corporation and ROSEMARIE GLAS,<br><br>v.<br><br>**Defendant**:<br><br>THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio corporation. | |
| CERTIFIED QUESTION ANSWERED<br>EN BANC<br><br>October 1, 2007 | |

Holland & Hart LLP
Stephen G. Masciocchi
David L. Black
   Denver, Colorado

Holland & Hart LLP
William W. Maywhort
J. Lee Gray
   Greenwood Village, Colorado

   Attorneys for Plaintiffs

Wells, Anderson & Race, L.L.C.
Mary A. Wells
L. Michael Brooks, Jr.
   Denver, Colorado

Ballard Spahr Andrews & Ingersoll, LLP
Roger P. Thomasch

    Denver, Colorado

Garfield & Hecht, P.C.
David L. Lenyo
Chad J. Schmit
    Aspen, Colorado

    Attorneys for Defendant

JUSTICE HOBBS delivered the Opinion of the Court.

Pursuant to C.A.R. 21.1, the United States District Court for the District of Colorado certified to us the following question of Colorado law:

> Whether the Colorado Supreme Court, if confronted with the facts [of this case], would adopt and apply the rule stated in Restatement (Second) Conflicts of Laws § 171 (1971) to determine whether Utah or Colorado law governs the question [of] whether a prevailing plaintiff in AE's position is entitled to an award of prejudgment interest.

AE, Inc. v. Goodyear Tire & Rubber Co., No. 05-1317, 2007 WL 1202289, at *4 (D. Colo. April 23, 2007).

We answer yes to the certified question and hold that Colorado's choice of law standard with regard to both the tort action and to an award of prejudgment interest is the most significant relationship to the occurrence and parties test expressed in Restatement (Second) of the Conflicts of Laws §§ 145, 171 (1971).

## I.

The plaintiff in this case, AE, Inc. ("AE"), owns a house in Utah that suffered extensive damage after the failure of a hose installed as part of the heating system. The parties stipulated that the Goodyear Tire & Rubber Company ("Goodyear") is responsible for 50 percent of the damage to AE's home as a result of the failure of its Entran II hose. The jury in this case awarded AE repair costs of $3,489,000 and other losses of $848,611.

3

As a federal court exercising its diversity jurisdiction, the United States District Court for the District of Colorado must apply the choice of law rules of the forum state. Telectronics, Inc. v. United Nat'l Ins. Co., 796 F. Supp. 1382, 1389 (D. Colo. 1992) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941))(citations omitted).

The parties agree that Utah has the most significant relationship to AE's tort claim against Goodyear. AE's house is located in Utah; the installation was performed there; and all repairs will occur there. AE argues that, even if Colorado's choice of law standard would apply Utah law to the tort claim in this case, a Colorado court would award prejudgment interest to AE on its damages award pursuant to section 5-12-102, C.R.S. (2007). Goodyear counters that Colorado would apply Utah law to both AE's tort and prejudgment interest claims. AE concedes that the application of Utah law would preclude an award of prejudgment interest on its non-repair-cost damages.

In certifying this question of law to us, the district court asks whether Colorado follows the same rule that is embodied in sections 145 and 171 of the Restatement (Second) of the Conflict of Laws: specifically, does the law of the state with the most significant relationship to the occurrence and the parties govern both the award of damages on the tort claim and an award of prejudgment interest on the damages?

4

## II.

We answer yes to the certified question. We hold that Colorado's choice of law standard with regard to both the tort action and an award of prejudgment interest is the most significant relationship to the occurrence and parties test expressed in Restatement (Second) of the Conflicts of Laws §§ 145, 171 (1971).

### A.
### Evolution of Colorado's Conflict of Laws Jurisprudence

Colorado's conflict of laws jurisprudence has evolved significantly over the last several decades, in keeping with changes to the majority rule applied by most states.

During the late nineteenth century through the middle of the twentieth century, the majority conflicts of law principle was that Lex loci delecti — the law of the place of the wrong — governed the tort action. See Eugene F. Scoles & Peter Hay, Conflict of Laws 570-71 (2d ed. 1992); Restatement of the Conflict of Laws § 7 (1934). This rule was consistent with Colorado law at that time. See First Nat'l Bank in Fort Collins v. Rostek, 182 Colo. 437, 440-41, 514 P.2d 314, 316 (1973) (citing Atchison T. & S.F.R. Co. v. Betts, 10 Colo. 431, 15 P. 821 (1877)); Denver & R.G.R. Co. v. Warring, 37 Colo. 122, 86 P. 305 (1906)). Under this rule, courts often held that the law governing a cause of action in tort also governed damages

5

because "the measure of damages is inseparably connected to the cause of action." Scoles & Hay, supra, at 576 (citing Victor v. Sperry, 329 P.2d 728, 732 (Cal. Dist. Ct. App. 1958)).

Initially, commentators praised the Lex loci rule based on its certainty and ease of application. Id. at 577. This rule made sense at a time when interstate travel was infrequent and travelers were "presumed . . . [to] be aware of the different duties and obligations they were incurring when they made the interstate journey." Rostek, 82 Colo. at 442, 514 P.2d at 316.

Over time, however, the increasing mobility of the population began to undermine the legitimacy of the Lex loci rule. As this Court explained in Rostek:

> [W]ith the industrial revolution and the passage of time, the interstate mobility of the citizenry increased in speed and availability to such an extent that persons no longer regarded an interstate journey as a rare occurrence entailing a significant change in surroundings. As these attitudes and conditions changed, it became clear that the mechanical application of Lex loci delecti to every multistate tort controversy often yielded harsh, unjust results, unrelated to the contemporary interests of the states involved or the realistic expectations of the parties.

Id., 514 P.2d at 317.

In order to avoid harsh outcomes sometimes imposed by this rule, courts began to characterize particular issues as procedural rather than substantive in order to apply the law of the forum. Id. at 442-43, 514 P.2d at 317; Scoles & Hay, supra, at 580-83. Thus, the advantages of predictability and ease of

6

application began to fade. In response, commentators and courts began to explore other possible rules that would be workable in a conflict of laws situation.

In 1973, when we issued our opinion in Rostek, Colorado joined the majority of jurisdictions in following the most significant relationship to the occurrence and parties test, expressed in the Second Restatement, for multistate tort controversies. See Rostek, 82 Colo. at 448, 514 P.2d at 320. We determined that the conflicts analysis provided in the Second Restatement was the "more flexible and rational choice of law approach" and better suited the changing policies of Colorado.[1] Id. at 444, 514 P.2d at 318. In doing so, we broadly announced that "Colorado will adopt the general rule of applying the law of the state with the most 'significant relationship' with the occurrence and the parties, as presented and defined in the Restatement, (Second) Conflict of Laws, Vol. 1, Sec. 145 (1969)." Id. at 448, 514 P.2d at 320. This case represented a fundamental shift in Colorado choice of law jurisprudence.

---

[1] This Court is, of course, not bound by the legal principles set forth in any of the restatements of law published by the American Law Institute. However, the restatements generally provide concise summaries of the law in a certain subject matter and can be persuasive authority. See Bayer v. Crested Butte Mountain Resort, Inc., 960 P.2d 70, 79 (Colo. 1998) (stating that although the Restatement (Second) of Torts is not binding authority, it may be used to provide a summary of "guiding legal principles").

7

Following Rostek, we have never rejected the most significant relationship to the occurrence and parties test set forth in the Second Restatement in any of its applications. Although before today we have not considered whether to apply this test to prejudgment interest on a damages award, we have consistently applied the most significant relationship to the occurrence and the parties test in a variety of circumstances when we have had the occasion to do so. For example, in the context of covenants not to sue, we adopted the rule of section 170 of the Second Restatement. Like section 171, section 170 refers back to the law selected to govern a controversy in accordance with the most significant relationship test set forth in section 145. Dworak v. Olson Constr. Co., 191 Colo. 161, 163, 551 P.2d 198, 200 (1976); see also Wood Bros. Homes, Inc. v. Walker Adjustment Bureau, 198 Colo. 444, 601 P.2d 1369 (1979) (adopting the most significant relationship test for contract actions).

### B.
### The Most Significant Relationship to the Occurrence and Parties Test

Three sections of the Second Restatement embody the rule Colorado follows: sections 6, 145, and 171.

Section 6 sets forth, in general terms, principles for courts to consider in determining choice of law, including: the needs of the interstate and international systems, the relevant

8

policies of the forum and other interested states, protection of justified expectations, the basic policies underlying the particular field of law, predictability and uniformity of result, and ease of determination and application of the law to be applied.[2]  See Restatement (Second) of Conflict of Laws § 6 (1971).

Section 145 of the Second Restatement provides that the most significant relationship to the occurrence and parties test shall be applied to a cause of action sounding in tort:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the

---

[2] Section 6 of the Restatement (Second) of the Conflict of Laws provides:

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
> (2) When there is no such directive, the factors relevant to the applicable rule of law include
>> (a) the needs of the interstate and international systems,
>> (b) the relevant policies of the forum,
>> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>> (d) the protection of justified expectations,
>> (e) the basic policies underlying the particular field of law,
>> (f) certainty, predictability and uniformity of result, and
>> (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6 (1971).

9

> occurrence and the parties under the principles stated in § 6.
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>     (a) the place where the injury occurred,
>     (b) the place where the conduct causing the injury occurred,
>     (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>     (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Id. § 145.

Finally, section 171 states the rule for determining the measure of damages: "The law selected by application of the rule of section 145 determines the measure of damages." Id. § 171. Comment c to section 171 makes clear that "damages" include prejudgment interest on the damages:

> c. *Interest.* The law selected by application of the rule of § 145 determines whether the plaintiff can recover interest and, if so, at what rate for a period prior to the rendition of judgment as part of the damages for a tort.

Id. § 171 cmt. c.

In a jurisdiction that follows the rule expressed in the Second Restatement, the issue of prejudgment interest is determined by application of the law governing the underlying suit – the law of the state with the most significant relationship to the occurrence and the parties.

10

A majority of jurisdictions hold that the same law that governs the underlying cause of action in a tort case also governs the award of prejudgment interest.[3] We agree that there is no convincing reason to engage in a different choice of law analysis to determine the law applicable to a claim for prejudgment interest. On the contrary, there are compelling reasons to apply the law of the state with the most significant relationship to the occurrence and the parties to the determination of prejudgment interest as well as the underlying tort action.

In 1938, the United States Supreme Court held that federal courts exercising diversity jurisdiction must apply state law. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). An important reason for this shift away from the "general law" previously applied by federal courts was to promote uniformity of results

---

[3] See, e.g., Johnson v. Continental Airlines Corp., 964 F.2d 1059, 1064 (10th Cir. 1992); Patch v. Stanley Works, 448 F.2d 483, 494 (2d Cir. 1971); Conte v. Flota Mercante Del Estado, 277 F.2d 664, 672 (2d Cir. 1960); Frasier v. Pub. Serv. Interstate Transp. Co., 254 F.2d 132, 135 (2d Cir. 1958); Sylvania Elec. Prod., Inc. v. Barker, 228 F.2d 842, 851 (1st Cir. 1955); Am. Simmental Assoc. v. Coregis Ins. Co., 107 F. Supp. 2d 1064, 1085 (D. Neb. 2000), rev'd in part on other grounds, 282 F.3d 582 (8th Cir. 2002); Marine Midland Bank v. Kilbane, 573 F. Supp. 469, 471 (D. Md. 1983); Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp., 566 F. Supp. 1558, 1574 (D. Del. 1983); Ryan v. Ford Motor Co., 334 F. Supp. 674, 676-77 (E.D. Mich. 1971); Zinn v. Ex-Cell-O Corp., 306 P.2d 1017, 1031 (Cal. Dist. Ct. App. 1957); Cooper v. Ross & Roberts, Inc., 505 A.2d 1305, 1307 (Del. Super. Ct. 1986); Holmes v. Barclay, 4 La. Ann. 64

and discourage forum shopping. Id. at 75. The Court observed that, under the previous system, a plaintiff bringing suit against a defendant from another state could select a preferred forum with the purpose of choosing the most advantageous body of law. Id. To avoid this maneuvering, the Court ruled that the substantive law governing the controversy should be the same whether the plaintiff elected to bring suit in federal court or in state court. Id.

Identical concerns compel us to rule that the same body of law that governs a tort action also applies to a claim for prejudgment interest on a damages award. Were a claim for prejudgment interest to be governed by the law of the forum, a plaintiff would have the opportunity to choose the forum with the most advantageous prejudgment interest law.[4] Consistent with Erie, Colorado's policy is to discourage such forum shopping.

A rule that mandates application of the forum's law on prejudgment interest would result in a piecemeal approach to a judgment for damages. For example, in Johnson v. Continental Airlines Corp., the Tenth Circuit noted that to apply the law of

---

(1849); Williams v. Petroleum Helicopters, Inc., 234 So. 2d 522, 524 (La. Ct. App. 1970).

[4] See Dustin K. Palmer, Comment, Should Prejudgment Interest Be A Matter Of Procedural Or Substantive Law In Choice-Of-Law Disputes?, 69 U. Chi. L. Rev. 705, 708 (2002) (noting that the different rules between states regarding the award of prejudgment interest can significantly impact the size of the

12

the forum regarding prejudgment interest would result in a total damage award greater than would have been possible under either Idaho or Colorado law.[5] 964 F.2d at 1064. As the court observed, this outcome would not serve the policies of either state, as set forth in their respective legislation governing damages in tort cases. Id.

In order to promote uniformity of outcome, discourage forum shopping, and ensure outcomes in accordance with the policy of the state with the most significant relationship to the occurrence and parties, we agree with the majority of jurisdictions that the choice of law governing the cause of action in a tort case also governs the determination of prejudgment interest.

### C.
**Prejudgment Interest as an Element of Compensation**

AE urges us to conclude that our early case, Hays v. Arbuckle, 72 Colo. 328, 211 P. 101 (1922), controls the issue of prejudgment interest and requires us to allow prejudgment

---

judgment and "create[] a large incentive for a plaintiff to forum shop").

[5] The parties in that case, litigated in federal court in Colorado, agreed prior to trial that Idaho law would govern compensatory damages. Both Colorado and Idaho had caps on compensatory damages, but Idaho's cap was higher. Colorado law permitted an award of prejudgment interest, but Idaho law did not. Thus, if the court awarded damages pursuant to Idaho law, and applied the Colorado prejudgment interest rule, the plaintiff would have the best of both worlds and a higher recovery than would have been possible under either state's law.

interest in this case pursuant to Colorado's prejudgment interest statute, section 5-21-102, C.R.S. (2006). In <u>Hays</u>, we said that the rate of interest awarded as damages for a breach of contract claim is determined according to the law of the forum. <u>Id.</u> at 330, 211 P.2d at 102. Although <u>Hays</u> is not directly on point, it reflected the law at a time prior to a substantial change in choice of law jurisprudence, both in Colorado and nationwide. We decided <u>Hays</u> forty-nine years before the publication of the Second Restatement, at a time when interstate travel and business dealings were far less common. Since that time, Colorado law has shifted to a new direction.

Nevertheless, AE contends that § 5-21-102 is primarily procedural, and we should apply it to this case. We disagree. The practice of awarding prejudgment interest serves two purposes: to compensate the plaintiff for the loss of the use of property during the time the case is pending and to discourage a defendant from delaying payment in order to enjoy the use of money interest-free until judgment. <u>Mesa Sand & Gravel Co. v. Landfill, Inc.</u>, 776 P.2d 362, 364 (Colo. 1989). AE argues that the delay in payment rationale is a procedural purpose, not a substantive purpose, and should control here.

Our discussions of prejudgment interest in a variety of contexts clarify that prejudgment interest is an element of damages; its primary purpose is to compensate the plaintiff.

14

Farmers Reservoir & Irrigation Co., 113 P.3d 119, 132-33 (Colo. 2005).[6] Thus, we have held that "prejudgment interest on compensatory damages . . . is necessary to make the plaintiff whole." Seaward Constr. Co., 817 P.2d at 975. In Seaward Construction, we affirmed the trial court's decision not to award prejudgment interest on punitive damages. Our reasoning focused on the primary purpose of prejudgment interest, compensating the plaintiff. We concluded that this purpose is inconsistent with punitive damages, which are awarded for the purposes of punishing the wrongdoer and deterring similar conduct. Id. at 975-76. Awarding prejudgment interest on punitive damages would not accomplish the primary purpose of making the plaintiff whole.

In accordance with the evolution of Colorado choice of law standards, we would apply the most significant relationship to the occurrence and parties test to the award of prejudgment interest as well as to the tort cause of action. To the extent that our ruling in Hays is inconsistent with our holding in this case, we overrule Hays.

---

[6] See also Todd v. Bear Valley Vill. Apartments, 980 P.2d 973, 981 (Colo. 1999); Scholz v. Metro. Pathologists, P.C., 851 P.2d 901, 908 (Colo. 1993); Seaward Constr. Co. v. Bradley, 817 P.2d 971, 975-78 (Colo. 1991); Allstate Ins. Co. v. Starke, 797 P.2d 14, 18-20 (Colo. 1990); Westfield Dev. Co. v. Rifle Inv. Ass'n, 786 P.2d 1112, 1122 (Colo. 1990).

## III.

Accordingly, we answer yes to the certified question and return this case to the United States District Court for the District of Colorado for further proceedings.