# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Action No. 05-cv-01317-LTB

AE, INC., a Colorado corporation, and ROSEMARIE GLAS,

    Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio corporation,

    Defendant.
_____

## ORDER
_____

    This products liability case is before me on Defendant, The Goodyear Tire & Rubber Company's ("Goodyear"), Combined Motion and Brief Requesting the Application of Utah Law on Prejudgment Interest [**Docket # 158**], Plaintiff, AE, Inc.'s ("AE"), response to the same [**Docket # 166**], and Defendant's Reply [**Docket # 176**]; and AE's Motion to Amend the Judgment to Include an Award of Prejudgment Interest [**Docket # 159**], Defendant's response to the same [**Docket # 165**], and AE's Reply [**Docket # 170**]. Oral arguments would not materially assist the determination of this motion. After consideration of the motions, pleadings, and the case file, and for the reasons stated below, I GRANT Defendant's motion [**Docket # 158**], and I DENY Plaintiff's motion [**Docket # 159**].

## I. BACKGROUND

    This case is one of a series of cases arising out of the failure of Defendant's Entran II hose. The product was a component of radiant heating systems installed in numerous homes, including a home owned by AE in Deer Valley, Utah. The matter was tried to a jury from

February 5 through February 9, 2007.  Before trial, the parties stipulated Defendant was negligent in failing to exercise reasonable care to prevent the Entran II hose from creating an unreasonable risk of harm to Plaintiffs' property; Defendant was negligent in failing to take reasonable care to warn homeowners of the risk of harm or loss to Plaintiffs' property from the use of the Entran II hose; the Entran II hose was defective at the time Defendant sold it; the defect in the Entran II hose was a cause of Plaintiffs' losses or damages, if any; and Defendant was 50% at fault for the amount of Plaintiffs' damages, if any.  Trial was limited to the issue of damages.

Rosemary Glas was found to have suffered no damages and her claims were dismissed.  Pursuant to a jury verdict, judgment [**Docket # 156**] was entered on behalf of AE for reasonable repair and/or replacement costs of $3,489,000 and other reasonable costs or losses of $848,611—a total of $4,337,611 of which Defendant was responsible for $2,168,805.50—plus costs and post-judgment interest.  Determination of prejudgment interest was held in abeyance pending briefing by the parties.  Both parties submitted briefing on the prejudgment interest issue, but disputed whether Colorado or Utah law should apply.

## II.  CHOICE OF LAW

This is a diversity case.  A federal court sitting in diversity must apply the substantive law of the state in which it sits, including the state's choice of law rules.  *Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 123 F.3d 1351, 1352–53 (10th Cir. 1997).  Accordingly, I apply Colorado state law regarding whether Colorado or Utah law applies to the question of prejudgment interest.

The difference between Colorado and Utah law with respect to prejudgment interest is substantial.  Colorado law provides statutory interest at a rate of 8% compounded annually.

COLO. REV. STAT. § 5-12-102(1)(b). Under prior case law related to the Entran II, prejudgment interest would accrue from the date the hose was installed. *See Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1291 (10th Cir. 2005). Utah law provides 10% simple interest. UTAH CODE ANN. § 15-1-1(1)(a). However—and more important for the purposes of the pending motions—Utah only allows prejudgment interest if "the injury and consequent damages are complete" and are "ascertained as of a particular time and in accordance with fixed rules of evidence and known standards of value, which the court or jury must follow in fixing the amount." *Smith v. Fairfax Realty*, 82 P.3d 1064, 1069 (Utah 2003). Thus, if Utah law applies, I may not award AE prejudgment interest if the damages were incomplete before judgment or unable to be calculated with mathematical certainty. *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1283 (10th Cir. 2005) (citing *Lefavi v. Bertoch*, 994 P.2d 817, 823 (Utah. Ct. App. 2000)). In addition, both parties agree Utah law would not allow prejudgment interest on the "other reasonable costs or losses."

On March 16, 2007, Defendant filed a motion to certify a question of state law to the Colorado Supreme Court concerning choice of law on prejudgment interest [**Docket # 167**]. In support thereof, Defendant noted the Colorado Supreme Court had not addressed choice-of-law rules governing pre-judgment interest since *Hays v. Arbuckle*, 211 P. 101 (Colo. 1922)—some 85 years ago—held that the rate of interest awarded as damages for a breach of contract claim is determined according to the law of the forum state. In the intervening time, the Colorado Supreme Court adopted "the general rule of applying the law of the state with the most 'significant relationship' with the occurrence and the parties, as presented and defined in the RESTATEMENT, (SECOND) CONFLICT OF LAWS, Vol. 1, Sec. 145 (1969)." *AE, Inc., v. Goodyear*

*Tire & Rubber Co.*, 168 P.3d 507, 509 (Colo. 2007) (quoting *First Nat'l Bank in Fort Collins v. Rostek*, 514 P.2d 314, 320 (Colo. 1973)).

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 171 cmt. c states: "The law selected by application of the rule of § 145 determines whether the plaintiff can recover interest and, if so, at what rate for a period prior to the rendition of judgment as part of the damages for a tort." In short, § 171 requires application of the same state law to damages—including pre-judgment interest—as applies to liability. *See Ryan v. Ford Motor Co.*, 334 F. Supp. 674, 676 (E.D. Mich. 1971). This creates an apparent conflict with the rule announced in *Hays*. In light of the paucity of recent Colorado law addressing the issue, I certified the following question to the Colorado Supreme Court pursuant to COLO. APP. R. 21.1(a): whether the Colorado Supreme Court, if confronted with the facts of this case, would adopt and apply the rule stated in § 171 to determine whether Utah or Colorado law governs the question whether a prevailing party in AE's position is entitled to an award of prejudgment interest?

The Colorado Supreme Court answered yes, holding: "Colorado's choice of law standard with regard to both the tort action and to an award of prejudgment interest is the most significant relationship to the occurrence and parties test expressed in RESTATEMENT (SECOND) OF THE CONFLICT OF LAWS §§ 145, 171 (1971)." *AE, Inc.*, *supra*, 168 P.3d at 507. The court recognized the evolution of Colorado law since *Hays* and the abandonment of the rule that *lex loci delecti*—the law of the place of the wrong—governed tort actions:

> In order to promote uniformity of outcome, discourage forum shopping, and ensure outcomes in accordance with the policy of the state with the most significant relationship to the occurrence and parties, we agree with the majority of jurisdictions that the choice of law governing the cause of action in a tort case also governs the determination of prejudgment interest. . . . In accordance with the

4

> evolution of Colorado choice of law standards, we would apply the most significant relationship test to the award of prejudgment interest as well as to the tort cause of action. To the extent that our ruling in *Hays* is inconsistent with our holding in this case, we overrule *Hays*.

*Id*. at 511–12.

In light of the Colorado Supreme Court's holding, I must apply the law of the state with the most significant relationship to the occurrence and the parties, as presented and defined in the RESTATEMENT, (SECOND) CONFLICT OF LAWS § 145. Under the law of the case Utah law applies to the question of prejudgment interest. *See Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006). In an earlier ruling denying Defendant's motion for summary judgment [**Docket # 77**], I applied the most significant relationship test and held Utah law properly applied to this dispute [**Docket # 109**]. As AE concedes: "Here, although the case was filed in Colorado and AE is a Colorado resident, AE resided in Utah at the time of the injury, the product was sold and installed in Utah, and the injury and injury-causing conduct occurred in Utah. Accordingly, Utah has the greater interest in the outcome." [**Docket # 97**].

### III.  PREJUDGMENT INTEREST UNDER UTAH LAW

Utah courts only award prejudgment interest in cases where the prevailing party's damages are complete as of a specific pre-judgment moment in time and can be calculated to a mathematical certainty using nondiscretionary fixed rules of evidence and standards of value. *Smith*, *supra*, 82 P.3d at 1068–70 (citing *Fell v. Union Pac. Realty, Inc.*, 88 P. 1003, 1007 (Utah 1907)). Utah courts therefore deny prejudgment interest in cases where damage awards are determined at the complete discretion of the jury, *see id.*, or where the jury determines the award

based on its own interpretation of expert opinion—rather than accepting an expert's uncontested or uncontestable facts and figures. *See Cornia v. Wilcox*, 898 P.2d 1379, 1387 (Utah 1995).

AE relies heavily on *Uinta Pipeline Corp. v. White Superior Co.*, 546 P.2d 885 (Utah 1976), in its request for prejudgment interest. The property in *Uinta* was destroyed seven days after its installation. *Id*. at 886. Thus, damages were complete at that moment in time. AE's heating system, in contrast, was never destroyed. At the time of trial, it was still installed and functioning. The heating system experienced no measurable malfunction until 2006. Moreover, the parties in *Uinta* did not dispute the cost of replacing the destroyed property. *Id*. at 887. The cost of replacing the Entran II system, on the other hand, was open to debate even within the AE camp.

When a prevailing party is unable to calculate his damages consistently during the period before trial, a presumption arises that such damages are not calculable within a mathematical certainty. *See Pro Axess*, *supra*, 428 F.3d at 1283 (applying Utah law). Although this presumption can be overcome when a jury adopts the expert testimony as fact, *see Kraatz v. Heritage Imports*, 71 P.3d 188, 204 (Utah Ct. App. 2003), that is not the case here. AE submitted no less than three different damages estimates ranging from $3,885,002 to $5,296,373. The jury did not adopt as fact any of these—the $3,489,000 judgment award is a figure distinct from any of the three. Instead, as instructed, the jury applied its discretion and judgment to determine AE's damages independently. *See Smith*, *supra*, 82 P.3d at 1070.

As Defendant concedes, by December 31, 2005—the day Utah contractor David Love of New Star Construction submitted his $3,885,002 repair estimate—the extent of AE's damages *had* been reduced to a specific amount. Nonetheless, this was not the amount awarded by the

6

jury. Utah courts, when faced with conflicting expert estimates of value, have only awarded prejudgment interest when the estimate of an expert is accepted as accurate by the trier of fact. *See*, *e.g.*, *Smith*, *supra*, 82 P.3d at 1070; *Kraatz*, *supra*, 71 P.3d at 204.  By returning its verdict for an amount different from any amount tendered by any expert, the jury did not accept these estimates as factually accurate.

AE argues the jury award fixes the cost of removing and replacing the Entran II in 1992 and prejudgment interest should be calculated from that date.  Had the jury actually calculated the cost of replacing the system in 1992, this argument—unlike the Entran II hose—might hold water.  However, damages were not based upon the cost of the system in 1992, or the actual cost of replacing the Entran II at any prior fixed moment in time, but instead were based on the estimated replacement cost as of February 2007.  AE's suggestion that I award prejudgment interest as of 1992 based on the 2007 cost to repair a system that functioned properly for over a dozen years stretches the bounds of logic and is contrary to Utah law.  *See*, *e.g.*, *Saleh v. Farmers Ins. Exch.*, 133 P.3d 428, 436 (Utah 2006) (holding that when damages are not ascertained until trial, prejudgment interest is inappropriate).  Under Utah law, therefore, I may not award AE prejudgment interest.

## IV.  CONCLUSION

Accordingly, it is ORDERED that Defendant's motion [**Docket # 158**] is GRANTED and AE's motion [**Docket # 159**] is DENIED.

Dated: November  6 , 2007.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Judge